## GUINN AND WIFE v. SPURGIN.

HOMESTEAD. *Purchase money.* Homestead exemption cannot be set up against a deed of trust executed by the purchaser of land to secure money with which to pay the purchase price.

### FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. H. INGERSOLL, Sp. Ch.

REEVES & DEADERICK for complainants.

J. G. DEADERICK for defendant.

DEADERICK, C. J., delivered the opinion of the court.

In 1874, Guinn made a deed of trust to defendant Spurgin, to secure a sum of money that Spurgin had advanced to pay for the small tract of land conveyed in the trust deed. The deed was registered upon the maker's acknowledgment, in 1876, and thereafter sold by the trustee, whereupon Guinn and wife filed their bill, claiming the land as exempt from sale under the Homestead act.

The answer insists that the debt was contracted for the purchase money of the land and that the same is, therefore, not exempt from sale under the trust deed.

The facts disclosed are, that Guinn agreed with defendant that if he would pay to Bowers $150 for the land, he would give him a deed of trust upon the land. Spurgin, under this arrangement, handed to Guinn at one time $100 to pay Bowers, which was paid to him; afterwards Bowers and complainant and defendant met, and Spurgin then paid the balance $50 to Bowers, and Bowers signed a deed for the land to Guinn, and Guinn at the same time executed a deed of trust to secure Spurgin.

The Constitution ordains that the homestead shall not be exempt from debts contracted for the payment of the purchase money. No note was taken from Guinn for the $100 paid by Spurgin, but when the $50 was paid to Bowers by Spurgin, the deeds to Guinn and to the trustee were simultaneously executed. We think this deed of trust was executed to secure a debt contracted for the purchase money of the land. Spurgin advanced all the money to pay for the land, under the contract that the land was to be liable for the money paid for it. Guinn has not paid anything for the land and owes the vendor nothing for it; the price to the vendor having been paid by Spurgin, he was by contract substituted to the lien. Bowers might have retained it if the purchase money had not been paid. Guinn took and gave a deed at the same time, making the two instruments parts of the same transaction.

Neither the Constitution, nor Code, sec. 2114*a*, restrict the liability of the homestead to the vendor of the land, but provide that the exemption shall not operate against *debts contracted for the purchase money.*

We think the debt in this case falls within the description saved by the provisions cited, and that complainants are not entitled to the relief sought.

The Chancellor so held, and we affirm his decree with costs.

FREEMAN, J., delivered the following dissenting opinion :

I cannot agree in the conclusion of a majority of my brethren in this case. In my opinion, it is but the case of a deed of trust given to secure payment of money borrowed to pay for the land, and has no element of a vendor's lien in it; nor is it a debt for the purchase money, under our law making homestead liable for such debts.

The vendor has been paid his debt—received the money in full satisfaction—made a deed, conveying the title to his vendee, who in turn conveyed in trust, to secure the money borrowed to pay for the land. It is, as shown by the contract of the parties, a deed of trust made by a party having the legal title, to secure payment of a debt due by him. The wife did not join in it; and beyond all question, on the face of the contract, under these facts she is entitled to homestead under the law. We can only avoid this by assuming the debt is for the purchase money; that

Guinn and Wife v. Spurgin.

is, the vendor's claim, which is protected by law. The fact is, the vendor has received his purchase money, as contracted for, and has no claim for purchase money, and has conveyed the title to his vendee.

The party advancing his money has taken his own security, a deed of trust, without requiring the wife to join. He had a right to do this; and having done so, he should be held to his security precisely as taken. We change it by construction into a debt for the purchase money, when in fact no purchase money is due, and the vendor has no claim against the vendee whatever. In fact it is simply a bill to enforce this deed of trust to secure the loaned money, the vendor not even being a party, or a necessary party. In addition, the contract for this trust security was made alone between the purchaser of the land and the party loaning the money. The vendee had no lien, as a matter of course, and could not fix such a claim by contract on the land.

This view is sustained by an opinion by Judge Nicholson, giving dower to the widow in a case precisely like this. Homestead and dower stand on precisely the same ground—the one as much favored in law as the other. The cases cannot be distinguished. I am unwilling to overrule that case, because this may be apparent justice in the present case. The case referred to, as I now remember, was a stronger case than the present one. In that case the vendor selling the land, made a conveyance of the land, retaining no lien on its face. He, however, contracted for security of a deed of trust on the same land to secure the purchase

money and took it. We held that having chosen this security, it being within the letter of the statute, the widow was entitled to dower, her trust not being enforced in the lifetime of the maker. The case before us being only for borrowed money, is not so strong as the one referred to. For these reasons I am compelled to dissent.